UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| EBONIA ELLIOTT-LEWIS, et al., | * | |
| | * | |
| Plaintiffs/Relators, | * | |
| | * | |
| v. | * | Civil Action No. 14-cv-13155-IT |
| | * | |
| ABBOTT LABORATORIES, INC., | * | |
| | * | |
| Defendant. | * | |

MEMORANDUM & ORDER

March 28, 2016

TALWANI, D.J.

Pending before the court is Defendant's Assented-To Motion to Impound Confidential Information. [#43]. Because the public has a "presumptive" right of access to judicial documents, "'only the most compelling reasons can justify non-disclosure of judicial records that come within the scope of the common-law right of access.'" United States v. Kravetz, 706 F.3d 47, 59 (1st Cir. 2013) (quoting In re Providence Journal Co., 293 F.3d 1, 10 (1st Cir. 2002)). Accordingly, although the parties may agree on impoundment, a party seeking to maintain a document's confidentiality must nonetheless show the court that impounding the document will not violate the public's presumptive right of access.

Plaintiff's complaint, as filed with the court and served on the Defendant, included the exhibits that are the subject of this motion.[1]  Defendant's motion to dismiss did not reference the exhibits, however, and the court ruled on that motion without consideration of Plaintiff's exhibits.  Accordingly, the court can proceed now in either of two ways.  First, if Plaintiff agrees

---

[1] Although the clerk's office did not docket the exhibits at the time they were filed, there is no dispute that Plaintiff submitted the exhibits to the court with her complaint and served them on the Defendant.

that the exhibits do not need to be part of the court record for purposes of an appeal or otherwise, the exhibits can be stricken from the docket. Alternatively, if Plaintiff does not so agree and seeks to maintain these exhibits as part of the judicial record of her now-dismissed complaint, the court will need to determine on an item-by-item basis, whether impounding such documents will violate the public's presumptive right of access.

Accordingly, no later than April 4, 2016, Plaintiff shall advise the court whether she agrees that the exhibits may be stricken from the docket. In the event that Plaintiff does not so agree, and no later than April 12, 2016, Defendant may file a memorandum in support of its motion setting forth specifically as to each document it seeks to impound the basis for impoundment. The clerk is directed to seal the documents at issue pending their court's ruling on Defendant's motion.

IT IS SO ORDERED.

Date: March 28, 2016

/s/ Indira Talwani
United States District Judge