UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| EBONIA ELLIOTT-LEWIS, et al., | * | |
| | * | |
| Plaintiffs/Relators, | * | |
| | * | |
| v. | * | Civil Action No. 14-cv-13155-IT |
| | * | |
| ABBOTT LABORATORIES, INC., | * | |
| | * | |
| Defendant. | * | |

MEMORANDUM & ORDER

June 21, 2016

TALWANI, D.J.

Pending before the court is Plaintiff's Motion for Relief from Judgment [#53], seeking relief from the court's Order of Dismissal [#49] so that the court may address Plaintiff's request to file a first amended complaint. The court allows the Motion for Relief from Judgment for the limited purpose of considering that request.

Plaintiff has also filed a Motion to Amend Complaint. [#54]. Plaintiff's counsel acknowledges that the motion to amend the complaint was not first presented to Defendant as directed by the court at the hearing on the motion to dismiss. The court's directive was consistent with Local Rule 7.1 which requires counsel for moving parties to confer with opposing counsel in an attempt in good faith to resolve or narrow the issues before filing a motion. LR, D. Mass. 7.1. The sixty-nine page proposed First Amended Complaint, with bulleted paragraphs and footnotes, also does not meet the requirements of Rule 8 of the Federal Rules of Civil Procedure that a complaint should be a "short and plain statement." Fed. R. Civ. P. 8. The First Circuit has found that failure to comply with Rule 8 can warrant dismissal. Sayied v. White, 89 F. App'x

284 (1st Cir. 2004) (unpublished) ("'Unnecessary prolixity in a pleading places an unjustified burden on the court and the party who must respond to it because they are forced to select the relevant material from a mass of verbiage.'") (quoting 5 Charles Alan Wright & Arthur R. Miller, Federal Practice & Procedure, §1281, at 522 (2d ed. 1990)); Kuehl v. F.D.I.C., 8 F.3d 845, 908 (1st Cir. 1993) ("A district court has the power to dismiss a complaint when a plaintiff fails to comply with the Federal Rules of Civil Procedure, including Rule 8(a)(2)'s 'short and plain statement' requirement.) (citation omitted).

For both of these reasons, the court hereby DENIES Plaintiff's Motion to Amend Complaint [#54] without prejudice. If Plaintiff seeks to file a renewed motion to amend complaint, her counsel shall confer with defense counsel no later than June 27, 2016, in a good faith effort to resolve or narrow the issues. Any renewed motion to amend shall be filed on or before July 11, 2016, and shall be accompanied by the required Rule 7.1 certificate.

IT IS SO ORDERED.

Date: June 21, 2016

/s/ Indira Talwani
United States District Judge