UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| EBONIA ELLIOTT-LEWIS, et al., | * | |
| | * | |
| Plaintiff/Relator, | * | |
| | * | |
| v. | * | Civil Action No. 14-cv-13155-IT |
| | * | |
| ABBOTT LABORATORIES, INC., | * | |
| | * | |
| Defendant. | * | |

MEMORANDUM AND ORDER

March 1, 2018

**TALWANI, D.J.**

Pending before this court is Defendant Abbott Laboratories, Inc.'s Motion to Dismiss Count IV of the First Amended Complaint [#76]. Defendant seeks to dismiss Count IV of the First Amended Complaint [#79], which alleges wrongful discharge in violation of public policy. For the reasons set forth below, Defendant's Motion to Dismiss Count IV of the First Amended Complaint [#76] is DENIED.

Massachusetts recognizes "an exception to the general rule that an employer may terminate an at-will employee at any time with or without cause, . . . if the termination violates a clearly established public policy." King v. Driscoll, 638 N.E.2d 488, 492 (Mass. 1994). For example, an employer cannot fire at-will employees "for asserting a legally guaranteed right (e.g., filing worker's compensation claim), for doing what the law requires (e.g., serving on a jury), or for refusing to do that which the law forbids (e.g., committing perjury)." Smith-Pfeffer v. Superintendent of Walter E. Fernald State Sch., 533 N.E.2d 1368, 1371 (Mass. 1989). Although the exception is construed "narrowly," see King, 638 N.E.2d at 492, Massachusetts courts have been willing to extend the public policy exception to employees who "report, resist,

or refuse to participate in activity that presents a threat to public health or safety," Surprise v. Innovation Grp., Inc. / First Notice Sys., Inc., 925 F. Supp. 2d 134, 148 (D. Mass. 2013). The purpose behind this public policy exception "is that, unless a remedy is recognized, there is no other way to vindicate such public policy." Melley v. Gillette Corp., 475 N.E.2d 1227, 1228 (Mass. App. Ct. 1985), aff'd, 491 N.E.2d 252 (Mass. 1986).

    Defendant contends that Plaintiff's wrongful termination claim under state law must fail in light of her 31 U.S.C. § 3730(h) claim, alleging that she was retaliated for bringing a *qui tam* claim. "[W]here the relevant public policy" on which the public policy exception claim is based "has already been vindicated by a state or federal statute," the public policy exception claim is foreclosed. Valerio v. Putnam Assocs. Inc., 173 F.3d 35, 45 (1st Cir. 1999) (citing Melley, 491 N.E.2d 252). The public policy underlying the *qui tam* retaliation provisions relate to reporting on false or fraudulent claims for payment from the United States. See S. Rep. No. 99-345, at 34 (1986), reprinted in 1986 U.S.C.C.A.N. 5266, 5299 (stating that addition of whistleblower protections was intended "to halt companies . . . from using the threat of economic retaliation to silence 'whistleblowers,' as well as assure those who may be considering exposing fraud that they are legally protected from retaliatory acts."). If Plaintiff's state law claim was based on the alleged reporting of a false claim for payment, it would be foreclosed. But Plaintiff argues that her state law claim relates to retaliation for her reports concerning public welfare, as protected by regulations prohibiting medical device off-label and pre-approval promotion, 21 C.F.R. §§ 801, 812. "Where [plaintiff]'s claims are grounded in regulations directly bearing on public safety, [Massachusetts courts] will give weight to the statement of public policy that such regulations represent." Falcon v. Leger, 816 N.E.2d 1010, 1019, (Mass. App. Ct. 2004) (employee allowed to make wrongful termination claim after alleged termination for refusal to follow supervisor's

2

instructions to interfere with public-safety-related product inspection process); see also Hobson v. McLean Hosp. Corp., 522 N.E.2d 975, 977-78 (Mass. 1988) (hospital employee tasked with enforcing state fire safety laws in the context of patients' cooking activities, who was allegedly fired for demanding her colleagues adhere to said laws, sufficiently stated claim for wrongful termination); Mercado v. Manny's T.V. & Appliance, Inc., 928 N.E.3d 979, 984-85 (Mass. App. Ct. 2010) (employee tasked with performing unlicensed installations of home appliances in violation of municipal regulations could make wrongful termination claim after refusing to participate in his assignments). As a result, taking Plaintiff's allegations as true, Plaintiff has sufficiently distinguished between the public policy vindicated by the False Claims Act, and a public policy for the promotion of public health and safety.

Nor do the cases Defendant cite persuade this court otherwise. Unlike the claims Plaintiff makes here, the alleged harm complained of in those cases related to fraudulent billing of the federal government, and not dangers to public health and safety. See Fauci v. Genentech, No. 06-cv-10061-RGS, 2007 WL 3020191, at *4 (D. Mass. Oct. 12, 2007) (employee allegedly discharged for challenging employer's fraudulent Medicare billing and sales practices precluded from making wrongful termination claim alongside False Claims Act retaliation claim); Dineen v. Dorchester House Multi-Serv. Ctr., Inc., No. 13-cv-12200-LTS, 2014 WL 458188, at *4 (D. Mass. Feb. 3, 2014) (employee allegedly dismissed for refusing to conform to employer's fraudulent Medicare billing policies precluded from making wrongful termination claim alongside False Claims Act retaliation claim).

For the foregoing reasons, Defendant's Motion to Dismiss Count IV of the First Amended Complaint [#76] is DENIED.

IT IS SO ORDERED.

Date: March 1, 2018                                /s/ Indira Talwani
                                                   United States District Judge